UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JENNIFER NEILANDER; and<br>DARRELL R. NEILANDER,<br><br>    Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC;<br>RMS RESIDENTIAL PROPERTIES LLC;<br>RESIDENTIAL MORTGAGE SOLUTION LLC;<br>RMS MORTGAGE ASSET TRUST 2012, U.S.<br>Bank Trust National Association as Owner Trustee;<br>and BENDETT AND MCHUGH PC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. A. No.: 3:11-CV-01551-JCH |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RE-OPEN CASE
(Document No. 121), AND CROSS MOTION TO ENFORCE SETTLEMENT,
OR ALTERNATIVELY, TO AWARD DEFENDANTS THEIR COSTS AND
ATTORNEYS' FEES INCURRED IN RELIANCE ON SETTLEMENT**

Defendants Specialized Loan Servicing LLC ("SLS"), RMS Residential Properties LLC ("RMS"), Residential Mortgage Solution LLC ("Residential") and RMS Mortgage Asset Trust 2012, U.S. Bank Trust National Association as Owner Trustee ("U.S. Bank as Trustee") (collectively "Defendants"), hereby oppose Plaintiffs Jennifer Neilander and Darrell Neilander's ("Plaintiffs") motion seeking to re-open the case ("Plaintiffs' Motion"), and cross-move for an Order enforcing the settlement between Plaintiffs and Defendants, or alternatively, an Order awarding Defendants their costs and attorneys' fees incurred in reliance on the settlement.

The position now taken by Plaintiffs – that a settlement was not reached – appears to be based on Plaintiffs' misunderstanding of controlling Connecticut law that a settlement is a valid and enforceable agreement, notwithstanding that the documents intended to memorialize the settlement are not yet completed.  Here, Plaintiffs and Defendants agreed to settle the instant federal lawsuit and U.S. Bank as Trustee's present right to foreclose on Plaintiffs' property under the terms set forth in an April 11, 2013 e-mail from Defendants' counsel to Plaintiffs' Counsel.  As such, the settlement should be enforced notwithstanding that the documents memorializing the settlement have not yet been finalized.  Alternatively, the Court should enter an Order: (a) requiring Plaintiffs to pay Defendants all costs and attorney's fees incurred in reliance on the settlement; (b) prohibiting Plaintiffs from amending their complaint for a third time; and (c) allowing Defendants three weeks from the date of the Order to finalize and file their motions to dismiss Plaintiffs' second amended complaint.[1]

## I.    RELEVANT BACKGROUND

### A.    <u>Procedural Background</u>

Plaintiffs commenced the instant action, pro se, on October 11, 2011.  They filed an amended complaint on February 21, 2012.  The then-defendants RMS and SLS moved to dismiss the complaint on March 15, 2012.  Plaintiffs opposed the motion, and the defendants filed a reply and a motion to strike Plaintiffs' submitted expert affidavit on June 8, 2012.  Thereafter, Plaintiffs filed supplemental authority on June 28, 2012, a motion for leave to file a sur-reply on July 17, 2012, and a request for judicial notice on August 6, 2012.  While defendants did not file

---

[1]    While it is ultimately for the Court to determine whether to appoint new pro bono counsel, Defendants submit that doing so would be an inefficient use of judicial resources, particularly since Plaintiffs have informed the Court that their prior counsel advised them that their case has no merit.  See May 28, 2013 Email from Jennifer Neilander, attached to Plaintiffs' Motion.  Further, while pro bono counsel may have been appointed in part due to Plaintiffs' financial situation, it is Defendants' understanding that there were additional reasons for the appointment under the circumstances of this case.

a response to these multiple pleadings due to subsequent events, defendants incurred costs and attorneys' fees in evaluating and preparing a response.

The parties participated in a settlement conference with Parajudicial Officer Hawkins on July 31, 2012.  The case was not settled.  The Court granted Plaintiffs' motion to appoint pro bono counsel, and Shelley A. Marcus was appointed as Plaintiffs' counsel on September 17, 2012.  Attorney Marcus entered an appearance on September 28, 2012, and filed a second amended complaint on behalf of Plaintiffs on November 14, 2012, which also added Residential and U.S. Bank as Trustee as defendants.  Residential and U.S. Bank as Trustee executed waivers of service on January 31, 2013.  As reflected by the docket and communications among counsel, the deadline for Defendants' responsive pleading was extended several times, by agreement of the parties, to allow the parties' time to explore the possibility of settlement.[2]  Notwithstanding, Defendants have incurred costs and attorneys' fees in drafting a motion to dismiss the second amended complaint, and intend to finalize and file the same if the settlement between the parties is not enforced or otherwise fails.

**B.      Timeline of Settlement Discussions**

Due to the confidential nature of the terms of the agreed-upon settlement and the settlement discussions between the parties, by and through their respective attorneys, Defendants

---

[2]    Contrary to the representation in Plaintiffs' Motion, Defendants did not "request a negotiated settlement" or "delay" settlement negotiations.  In fact, based on their experience with Plaintiffs, Defendants remained skeptical that a settlement could be reached.  Notwithstanding, once Plaintiffs were represented by counsel, Defendants advised that they were willing to discuss the possibility of settlement if they did not have to incur the cost and expense of preparing a responsive pleading to Plaintiffs' second amended complaint (having already incurred substantial cost and expense in responding to the first amended complaint).  Further, Defendants made an offer on January 3, 2013, evaluated Plaintiffs' January 17, 2013 counter-demand, made a counter-offer on February 15, 2013, and then agreed to participate in a second settlement conference.  Finally, there was certainly no intentional delay as it is Defendants -- not Plaintiffs -- who have been harmed by any delay, as Plaintiffs continue to live at the subject property without making any payments towards their mortgage loan.

only include a brief timeline regarding the discussions below.  Defendants will make relevant written communications and documents available for *in camera* review by the Court.

On October 9, 2012, Attorney George Holler advised Defendants' undersigned counsel that he was retained by Plaintiffs.  At Attorney Holler's request, Defendants provided a blank loan modification application on October 30, 2012, and Plaintiffs submitted a completed application on November 13, 2012.  On January 3, 2012, Plaintiffs were offered a modification in order to settle the instant federal lawsuit, as well as U.S. Bank as Trustee's present right to foreclose on the mortgage loan at issue due to Jennifer Neilander's default on her contractual obligation to repay the same. Defendants' counsel also provided a written Confidential Settlement Agreement and Release, which Plaintiffs needed to sign if they accepted the offer.  Defendants also provided additional documents that Attorney Holler requested, notwithstanding that formal discovery has not yet commenced in this case.   Plaintiffs rejected the modification offer, and Attorney Holler sent a counter demand on January 17, 2013.  Defendants sent a counter offer on February 15, 2013.  In the meantime, in approximately late January, Attorney Marcus was nominated to become a Superior Court Judge.

Attorney Holler advised that Plaintiffs were available for a settlement conference with Magistrate Judge Fitzsimmons on March 26, 2013, and requested a draft of any release, non-disparagement and confidentiality agreement that would be required by Defendants in the event the parties reached a settlement agreement.  A draft was sent on March 18, 2013.

On March 13, 2013, the foreclosure action pending against Plaintiffs in state court was withdrawn.  The current Note Holder and owner of the debt evidenced by mortgage loan note at issue in this case, U.S. Bank as Trustee, did not re-commence foreclosure proceedings in light of the upcoming settlement conference and its belief, based on its counsel's communications with

Attorney Holler, that Plaintiffs genuinely wished to try and reach a global resolution which avoided foreclosure and settled all claims in this case by way of a loan modification.

The parties participated in a day-long settlement conference with Magistrate Judge Fitzsimmons on March 26, 2013.[3]  Plaintiffs were present and were represented by Attorney Holler.  Prior to the conference, Defendants submitted a lengthy and thorough confidential position statement to the Magistrate Judge, with supporting documentation.  Defendants' undersigned counsel brought the following documents to the settlement conference which were available for review by the Magistrate Judge, Plaintiffs and Plaintiffs' counsel: (1) the original "wet ink" Note endorsed in blank; (2) the contracts reflecting the sales and transfers of the mortgage loan and that the current Note Holder and owner of the debt is U.S. Bank as Trustee; and (3) the draft Confidential Settlement Agreement and Release which had already been exchanged between counsel.

The parties did not reach a settlement agreement at the conference, but agreed to continue discussing the possibility of settlement, and that Attorney Holler would continue to represent Plaintiffs in this respect. See Plaintiffs' Motion, p. 3, para. 5 (noting that Magistrate Judge said it would be in Plaintiffs' best interest if Attorney Holler continued to negotiate with Defendants on Plaintiffs' behalf).  On March 28, 2013, Attorney Holler advised Defendants' counsel that Plaintiffs were open to further settlement discussions and agreeable to moving the deadline for Defendants' responsive pleading until May 7, 2013, if U.S. Bank as Trustee agreed to refrain from filing a new foreclosure action.

---

[3]   Given Plaintiffs' recent filing (Document No. 128), Defendants reserve their right to seek costs and attorney's fees incurred in conjunction with the March 26, 2013 settlement conference as Plaintiffs' filing suggests that they were not negotiating in good faith at that time.

On April 11, 2013, Defendants made a final offer of settlement.  Plaintiffs accepted this offer by and through their counsel, Attorney Holler, as evidenced by communications among counsel and Plaintiffs' issuance of payment to be held in trust by Attorney Holler in accordance with the agreed-upon settlement.  Notably, the agreed-upon settlement involved virtually the same terms and conditions as the last demand Plaintiffs made at the March 26, 2013 settlement conference with, and in the presence of, Magistrate Judge Fitzsimmons, with the only substantive difference being monetary and interest amounts.  Counsel reported that the case was settled – because it was – and the Court administratively closed the case on April 23, 2013, without prejudice to the parties to reopen the case, to file a Stipulation of Dismissal on or before May 23, 2013, or to seek an extension of the deadline for good cause.

On May 2, 2013, Defendants provided a draft Confidential Settlement Agreement and Release to Attorney Holler.  Attorney Holler responded, provided comments, and advised that he needed to see a draft of certain documents before the Confidential Settlement Agreement and Release could be signed.  Defendants and their undersigned and foreclosure counsel, therefore, began preparation of the requested documents.  The written agreement was also revised to address Attorney Holler's comments.

On May 21, 2013, Plaintiffs, without communicating with Attorney Holler, filed a motion to reopen the case.  On May 22, 2013, Defendants filed a motion pursuant to Local Rule 7, seeking to extend the May 23, 2013 deadline for 30 days as they needed additional time to complete the documents requested by Attorney Holler.  On May 28, 2013, Attorney Holler filed a motion to withdraw his limited appearance in the case, at the request of Plaintiffs, so that the Court might appoint new pro bono counsel.

On May 23, 2013, the Court granted Defendants' motion to extend.  On May 30, 2013, the Court denied Plaintiffs' motion to reopen the case, without prejudice, noting that

> counsel have separately represented that there are no outstanding issues regarding the terms [of the agreed-upon settlement] and that work is proceeding on all documentation necessary to effect both the settlement of this case and the modification of plaintiffs' mortgage.

The Court further noted that because Plaintiffs have experienced counsel for the purpose of negotiating and advising them regarding settlement, "and the settlement process is still ongoing with his involvement, there is no need to appoint new counsel at this time," as "[p]ro bono counsel is a limited resource, from which plaintiffs have already derived a substantial benefit." The Court also denied Attorney Holler's motion to withdraw, without prejudice to renew, "in light of the ongoing settlement process."

On May 31, 2013, Attorney Holler filed a second motion to withdraw, advising the Court that Plaintiffs terminated his representation by writing dated May 29, 2013.  On June 3, 2013, Plaintiffs filed a motion asking that the Court re-open the case and appoint new pro bono counsel, representing that was no settlement and making a number of serious accusations against Defendants and their counsel which are wholly unfounded.  (Plaintiffs make similar accusations in their May 22, 2013 Response to Defendants' Motion for Extension of Time, Document 114.)

On June 6, 2013, the Court granted Attorney Holler's motion to withdraw and ordered Plaintiffs to file a pro se appearance.  The Court has scheduled a telephone status conference for June 19, 2013.

## II.   ARGUMENT

### A.   Applicable Law

"A settlement agreement is a contract governed by general contract law principles." Heublein v. Rudder, No. 3:05 CV 1229 (CFD), 2007 WL 2472018, *4 (D. Conn. Aug. 29, 2007) (citing HLO Land Ownership Assocs. Ltd. v. City of Hartford, 248 Conn. 350, 356 (1999)). "Parties are bound to the terms of an oral contract settling a lawsuit even though the contract is not memorialized in writing and signed by the parties, and even though the parties intend to execute a written agreement in the future." Sanford v. Alcohol & Drug Recovery Centers, Inc., No. 3:04CV1544 (DJS), 2006 WL 1821547, *1 (D. Conn. June 30, 2006) (citing Millgard Corp. v. White Oak Corp., 224 F. Supp. 2d 425, 432 (D. Conn. 2002) and Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568, 574 (2d Cir. 1993)). Where writings and correspondence among the parties demonstrates a meeting of the minds that a proposal has been submitted by one party which has been accepted by the other party, "one of the parties cannot evade or escape from his obligation by refusing to sign the formal contract, which the parties understood was subsequently to be drawn and executed." Id. (quoting Consarc Corp., 996 F.2d at 575). See also Omega Engineering v. Omega, SA, No. 3:98CV2464AVCTPS, 2004 WL 2191588, *8 (D. Conn. Aug. 12, 2004) (settlement is binding even if party has change of heart between time of agreement to terms and time those terms are reduced to writing) (citations omitted).

### B.   The Settlement Agreement Should Be Enforced.

Plaintiffs' belief that there is no settlement because the agreement has not yet been memorialized in writing is insufficient to avoid enforcement of the settlement under Connecticut law. See supra Section II(A) and cases cited therein. Here, the record, as well as the evidence to

be submitted to the Court for *in camera* review, unequivocally reflects that the parties reached a legally enforceable settlement agreement in April 2013.

Attorney Holler began representing Plaintiffs in settlement negotiations in October 2012 – three months before Attorney Marcus was nominated to become a judge. He continued to engage in settlement discussions on Plaintiffs' behalf until Plaintiffs' accepted Defendants' final offer in April 2013. On or about April 23, 2013, with Attorney Holler's consent, the Court was informed that the case settled. Attorney Holler then worked with Defendants' counsel to memorialize the settlement agreement in writing. Prior to receiving Plaintiffs' letter terminating his representation, Attorney Holler again advised the Court that the parties reached a settlement, "that there are no outstanding issues regarding the terms" of the settlement, and that work was "proceeding on all documentation necessary to effect both the settlement of this case and the modification of Plaintiffs' mortgage" loan. See May 30, 2013 Order. Since Plaintiffs were represented by counsel (Attorney Holler), Defendants and their counsel had no obligation to communicate directly with Plaintiffs regarding settlement. In fact, doing so would have been inappropriate. Further, Defendants and their counsel had no reason to believe that Attorney Holler was not authorized to accept Defendants' April 11, 2013 offer of settlement on behalf of Plaintiffs. See, e.g., Ackerman v. Sobol Family Partnership, LLP, 298 Conn. 495 (2010) (finding that attorney had apparent authority to settle litigation on behalf of plaintiffs and that defendants could have reasonably believed that such authority existed).

Plaintiffs' Motion fails to identify any legal basis for non-enforcement of the settlement. While Plaintiffs suggest that they were somehow underrepresented by Attorney Holler and that Defendants knew and took advantage of this, Defendants had and still have no reason to believe that Plaintiffs were underrepresented. To quite the contrary, Attorney Holler was successful in

negotiating a very good settlement for Plaintiffs in light of Defendants' strong defenses and grounds for dismissal of this case in its entirety. Further, to any extent that Plaintiffs are now suggesting that the agreed-upon settlement is not enforceable because it was conditioned on Defendants' undersigned counsel proving that she represents the current Note Holder and owner of the debt evidenced by the Note, such position is without merit. At no time at or after the settlement conference was this raised as a condition to settlement. In addition, documents demonstrating that U.S. Bank as Trustee is the current Note Holder and owner of the debt evidenced by the Note were available at the March 26, 2013 settlement conference. While Plaintiffs appear to take issue with the fact that they were excluded from discussions among counsel at the settlement conference, Plaintiffs were given extensive opportunity to speak to the Magistrate Judge and the Magistrate Judge was present and/or made aware of all substantive discussions. The Magistrate Judge also spoke to Defendants' representatives via telephone conference with Defendants' undersigned counsel in the room.

Based on the foregoing, and the additional confidential documents to be submitted to the Court, Plaintiffs' motion to reopen the case should be denied and the Court should enter an Order enforcing the agreed-upon settlement. See, e.g., Copp v. Connecticut, 310 Fed. Appx. 436, 2009 WL 368486 (2d Cir. Feb. 17, 2009) (affirming district court order that terms of oral settlement agreement should be enforced); Sanford, 2006 WL 1821547, at *2 (summarily enforcing parties' oral settlement agreement, finding that defendant's efforts to memorialize settlement in writing and plaintiff's rejection of such efforts did "not undo the making of the original oral agreement

between the parties"). Alternatively, the Court should enter an Order requiring Plaintiffs to pay all costs and attorney's fees incurred by Defendants in reliance on the settlement.[4]

## III.   CONCLUSION

For the foregoing reasons, Defendants Specialized Loan Servicing LLC, RMS Residential Properties LLC, Residential Mortgage Solution LLC, and RMS Mortgage Asset Trust 2012, U.S. Bank Trust National Association as Owner Trustee, respectfully request that the Court deny Plaintiffs' motion to reopen the case, grant Defendants' cross-motion, and enter an Order enforcing the settlement between Plaintiffs and Defendants. Alternatively, Defendants request that the Court enter an Order: (a) requiring Plaintiffs to pay Defendants all costs and attorney's fees incurred in reliance on the settlement; (b) prohibiting Plaintiffs from amending their complaint for a third time; and (c) allowing Defendants three weeks from the date of the Order to finalize and file their motions to dismiss Plaintiffs' second amended complaint.

> Defendants,
> Specialized Loan Servicing LLC;
> RMS Residential Properties LLC;
> Residential Mortgage Solutions LLC; and
> RMS Mortgage Asset Trust 2012-1, U.S. Bank Trust
> National Association, as Owner Trustee,
> By Their Attorneys,

Dated: June 18, 2013                  /s/ Valerie N. Doble
                                      Valerie N. Doble, ct27251
                                      HINSHAW & CULBERTSON LLP
                                      28 State Street, 24th Floor
                                      Boston, MA 02109
                                      Tel: 617-213-7000 / Fax: 617-213-7001
                                      E-Mail: vdoble@hinshawlaw.com

---

[4]  To date, Defendants have incurred approximately $4,000 in costs and attorney's fees in reliance on the settlement agreement.

## CERTIFICATE OF SERVICE

I, Valerie N. Doble, certify that on this 18th day of June, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system. In addition, I hereby certify that on this 18th day of June, 2013, a copy of the foregoing was served via first class mail, postage prepaid, to the following parties: Jennifer Neilander, pro se, Darrell R. Neilander, pro se, 30 King Street, Wallingford, CT 06492.

/s/ Valerie N. Doble
Valerie N. Doble

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENNIFER NEILANDER; and<br>DARRELL R. NEILANDER,<br><br>     Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC;<br>RMS RESIDENTIAL PROPERTIES LLC;<br>RESIDENTIAL MORTGAGE SOLUTION LLC;<br>RMS MORTGAGE ASSET TRUST 2012, U.S.<br>Bank Trust National Association as Owner Trustee;<br>and BENDETT AND MCHUGH PC,<br><br>     Defendants. | Civ. A. No.: 3:11-CV-01551-JCH |

---

**AFFIDAVIT OF COUNSEL**

---

I, Valerie N. Doble, hereby depose and state as follows:

1.     I am an attorney of the firm Hinshaw & Culbertson LLP.  I represent the defendants, Specialized Loan Servicing LLC ("SLS"), RMS Residential Properties LLC ("RMS"), Residential Mortgage Solution LLC ("Residential") and RMS Mortgage Asset Trust 2012, U.S. Bank Trust National Association as Owner Trustee ("U.S. Bank as Trustee"), in the above-captioned lawsuit.

2.     On October 9, 2012, I received an email from Attorney George Holler advising that he had been retained by Darrell and Jennifer Neilander and that he spoke to Attorney Shelly Marcus, and asking that I contact him to discuss the case once I had spoken to Attorney Marcus. I spoke to Attorney Holler that same day, at which time he advised that he would not be entering

an appearance in either the federal case or the foreclosure case, but that he agreed to intervene to try and help resolve the two cases by way of a loan modification.

3.      On October 30, 2012, I emailed a blank loan modification application per Attorney Holler's request.

4.      On November 13, 2012, Attorney Holler emailed me a loan modification application completed by the Neilanders, which I forwarded to my clients.

5.      On January 3, 2012, I wrote to Attorney Holler on behalf of my clients "for purposes of settlement only," offering a loan modification in order to settle the instant federal lawsuit.  Included with the offer was a written Confidential Settlement Agreement and Release, which the Neilanders needed to sign if they accepted the offer.  I also provided additional documents that Attorney Holler requested, notwithstanding that formal discovery has not yet commenced in this case.  The Neilanders rejected the modification offer, and Attorney Holler sent a counter demand on January 17, 2013, copying Attorney Marcus and the Neilanders.

6.      On February 15, 2013, I emailed Attorney Holler, again, "for purposes of settlement only," providing a loan modification counter offer.

7.      On March 1, 2013, Attorney Holler emailed counsel for all parties advising that the Neilanders were available for a settlement conference with Magistrate Judge Fitzsimmons on March 26, 2013.  He also requested that I provide a draft of any release, non-disparagement and confidentiality agreement that would be required by Defendants in the event the parties reached a settlement agreement.  I sent the draft on March 18, 2013, and Attorney Holler provided revisions the next day.

8.      The parties participated in a day-long settlement conference with Magistrate Judge Fitzsimmons on March 26, 2013.  As the Court is aware, my clients participated via

2

telephone conference.  The Neilanders were present and were represented by Attorney Holler.
Prior to the conference, I submitted a confidential position statement on behalf of my clients to
the Magistrate Judge, with supporting documentation.  I brought the following documents to the
settlement conference which were available for review by the Magistrate Judge, the Neilanders
and their counsel: (1) the original "wet ink" Note endorsed in blank; (2) the contracts reflecting
the sales and transfers of the mortgage loan and that the current Note Holder and owner of the
debt is U.S. Bank as Trustee; and (3) the draft Confidential Settlement Agreement and Release
which had already been exchanged between Attorney Holler and myself.  The parties did not
reach a settlement agreement at the conference, but agreed to continue discussing the possibility
of settlement, and that Attorney Holler would continue to represent the Neilanders in this respect.

9.      On March 28, 2013, Attorney Holler sent an email advising me that the
Neilanders were open to further settlement discussions and agreeable to moving the deadline for
the defendants' responsive pleading until May 7, 2013, if U.S. Bank as Trustee agreed to refrain
from filing a new foreclosure action.

10.     The parties were to report to the Magistrate Judgment regarding the status of
further settlement discussions by April 1, 2013.  That day, Attorney Holler sent an email offering
to contact the Magistrate Judge to advise that the parties continued to discuss settlement options
but had not yet come to a resolution, and noting that he would also mention that the parties
agreed to an extension for the defendants to file their responsive pleading, provided my client
agreed to refrain from filing a new foreclosure action until the due date for the responsive
pleading.

11.     On April 11, 2013, I sent an email to Attorney Holler, extending a final loan
modification offer on behalf of my clients, which the Neilanders accepted.   Because the

3

Neilanders accepted the offer, I prepared a Confidential Settlement Agreement and Release, which I sent to Attorney Holler on May 2, 2013.   Attorney Holler responded, provided comments, and advised that he needed to see a draft of certain documents before the Confidential Settlement Agreement and Release could be signed.   Accordingly, my clients and I began working to prepare such documents.


**Signed under the pains and penalties of perjury this 18th day of June, 2013.**

_____

**Valerie N. Doble**


Subscribed and sworn before me this 18th day of June, 2013.

_____

Notary Public

My Commission expires: 7-21-17

MICHAELA J. TERVO
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
July 21, 2017

4